IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**ANTONIO FONSECA-ORTEGA,**

                      **Petitioner,**

          **v.**                                  **CASE NO. 05-3246-SAC**

**SAM CLINE, et al.,**

                      **Respondents.**

**O R D E R**

Petitioner, a prisoner incarcerated in Ellsworth Correctional Facility in Ellsworth, Kansas, proceeds in forma pauperis on a pro se petition filed under 28 U.S.C. 2254. As directed by the court, petitioner supplemented his bare petition to identify the claims being asserted in this action.

In the supplemented petition, petitioner seeks relief on four claims. Three claims were fully exhausted in the state courts through petitioner's direct appeal. Petitioner acknowledges no exhaustion of state court remedies on his fourth claim.[1]

---

[1] Petitioner's fourth claim alleges the denial of his constitutional right to effective assistance of counsel, a claim generally not raised or considered during a direct appeal. *See* Anderson v. Attorney General of State of Kansas, 342 F.3d 1140, 1143 (10th Cir. 2003)("Under Kansas law, claims of ineffective assistance of counsel which were not raised and considered by the trial court can be pursued through ... a collateral proceeding under K.S.A. 60- 1507.")(*citing* State v. Van Cleave, 239 Kan. 117, 716 P.2d 580, 583 (1986)). *See also*, Coffman, Martha J., HABEAS CORPUS IN KANSAS: THE GREAT WRIT AFFORDS POSTCONVICTION RELIEF AT K.S.A. 60-1507, 67 J.Kan.B.A. 16, 22 (1998)("A claim of

Petitioner may not obtain federal habeas corpus on any claim that has not been exhausted in the state courts, absent a showing that such remedies are unavailable or ineffective under the circumstances. 28 U.S.C. 2254(b)(1). A petition containing a mixture of exhausted and unexhausted claims is subject to dismissal without prejudice to allow petitioner to fully exhaust state court remedies on any unexhausted claim. Rose v. Lundy, 455 U.S. 509 (1982).

From the information provided in the record, it appears petitioner's state conviction became final in June 2005 upon expiration of the time for seeking review by the United States Supreme Court. *See* Locke v. Saffle, 237 F.3d 1269 (10th Cir. 2001)(start date under 28 U.S.C. 2244(d)(1)(A) for running of one year limitation period includes the 90 day period for seeking certiorari review by U.S. Supreme Court). Because dismissal of the "mixed" petition presented in this case would not thereby foreclose petitioner from being able to timely[2] refile a petition

---

ineffective assistance of counsel must be presented to the trial court before it will be considered on appeal. If a defendant attempts to raise the issue as part of the direct appeal without giving the trial judge the opportunity to consider and rule on the issue, the appeal will be dismissed without prejudice to defendant's right to raise the issue in a 60-1507 proceeding before the trial court.")(*citing* State v. Chamberlain, 234 Kan. 422, 425 (1983)).

[2]The Antiterrorism and Effective Death Penalty Act (AEDPA) on April 24, 1996, imposed a one year limitation period on state prisoners seeking habeas corpus relief in federal court. 28 U.S.C. 2244(d)(1). The running of this limitation period is tolled while any properly filed state post-conviction proceeding

in which all claims have been fully exhausted, dismissal of the petition without prejudice is an appropriate action.

Alternatively, petitioner can choose to voluntarily dismiss his one unexhausted claim and proceed only on the three fully exhausted claims in his supplemented petition. To do so, however, could result in federal review of petitioner's ineffective assistance of counsel claim being forever precluded unless petitioner can satisfy the statutory requirements for obtaining authorization from the Tenth Circuit Court of Appeals to file a second or successive habeas corpus petition in this court. *See* 28 U.S.C. 2244(b)(3)(procedure for seeking authorization from court of appeals to file second or successive 2254 petition in district court).

Dismissal of the mixed petition without prejudice, to allow

---

and appeal therefrom is pending in the state courts. 28 U.S.C. 2244(d)(2). *But see* Locke v. Saffle, 237 F.3d 1269 (10th Cir. 2001)(tolling under 28 U.S.C. 2244(d)(2) for state post-conviction proceedings does not include time for seeking certiorari review in U.S. Supreme Court). Upon termination of the state post conviction proceedings, the days remaining in the limitation period resume running. *See* Smith v. McGinnis, 208 F.3d 13, 16 (2nd Cir.)(AEDPA one-year period is suspended from date on which post-conviction relief application is filed until its resolution is final, one-year period then resumes running from the day on which it left off), *cert. denied*, 531 U.S. 840 (2000).

Petitioner is advised there is no tolling of the running of this limitation period by the filing of the instant habeas action in this court. *See* Duncan v. Walker, 533 U.S. 167, 181-82 (2001)(AEDPA's provision for tolling limitation period during pendency of a properly filed application for State post-conviction or other collateral review does not toll the limitation period during the pendency of a federal habeas petition).

petitioner to seek state court review of his unexhausted claim, appears to be the more reasonable alternative under the circumstances.  Absent timely amendment of the petition to delete the unexhausted claim of ineffective assistance of counsel, the court finds the petition should be dismissed without prejudice to allow petitioner to fully exhaust state court remedies on all claims presented in the supplemented petition.

IT IS THEREFORE ORDERED that the supplemented petition will be dismissed without prejudice unless petitioner amends the supplemented petition within twenty (20) days to raise only fully exhausted claims.

**IT IS SO ORDERED.**

DATED:  This 20th day of July 2005 at Topeka, Kansas.


 s/ Sam A. Crow
SAM A. CROW
U.S. Senior District Judge

4