IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS


**ANTONIO FONSECA-ORTEGA,**

                **Petitioner,**

      v.                                 **CASE NO. 05-3246-SAC**

**SAM CLINE, et al.,**

                **Respondents.**


## O R D E R

Petitioner proceeds in forma pauperis on a supplemented pro se petition filed under 28 U.S.C. 2254. By an order dated July 20, 2005, the court identified an unexhausted claim in the supplemented petition[1] and advised petitioner that dismissal of the petition without prejudice was appropriate to allow petitioner to fully exhaust state court remedies on all claims presented in the supplemented petition. The court further advised petitioner that amendment of the petition to remove the unexhausted claim could result in federal habeas review of this claim being forever barred if petitioner is unable to obtain authorization from the Tenth Circuit Court of Appeals to pursue relief on second or successive petition. 28 U.S.C. 2244(b)(3).

---

[1] Petitioner does not dispute that his fourth claim, alleging the denial of effective assistance of counsel, has never been raised to the state courts for review.

Before the court is petitioner's request (Doc. 7) to amend the petition to withdraw the unexhausted claim, and to proceed on only the three remaining fully exhausted claims. Finding petitioner has been fully advised of the consequences of this decision, the court grants petitioner's motion. The court enters a show cause order herein on the petition as supplemented and amended.

Petitioner's motion for appointment of counsel (Doc. 7) is denied without prejudice. There is no constitutional right to the appointment of counsel in either state post-conviction proceedings or in federal habeas corpus proceedings. <u>Pennsylvania v. Finley</u>, 481 U.S. 551, 555 (1987). Instead, whether counsel should be appointed is left to the discretion of the court. *See* <u>Swazo v. Wyoming Dept. of Corrections State Penitentiary Warden</u>, 23 F.3d 332 (10th Cir. 1994) (no constitutional right to counsel beyond appeal of criminal conviction; appointment of counsel in habeas corpus proceeding is left to court's discretion). Having reviewed petitioner's claims, his ability to present said claims, and the complexity of the legal issues involved, <u>Long v. Shillinger</u>, 927 F.2d 525, 526-27 (10th Cir. 1991)(factors to be considered in deciding motion for appointment of counsel), the court finds the appointment of counsel in this matter is not warranted.

IT IS THEREFORE ORDERED that petitioner's motion to amend the supplemented petition (Doc. 7), to withdraw the fourth claim alleging the denial of effective assistance of counsel, is

granted.

IT IS FURTHER ORDERED that petitioner's motion for appointment of counsel (Doc. 7) is denied without prejudice.

IT IS FURTHER ORDERED:

1. That respondents are hereby required to show cause within twenty (20) days from the date of this order why the writ should not be granted.

2. That the response should present:

   (a) the necessity for an evidentiary hearing on each of the grounds alleged in petitioner's supplemented and amended petition; and
   (b) an analysis of each of said grounds and any cases and supporting documents relied upon by respondents in opposition to the same.

3. Respondents shall cause to be forwarded to this court for examination and review the following:

   the records and transcripts, if available, of the criminal and/or post-conviction proceedings complained of by petitioner; if a direct appeal of the judgment and sentence of the trial court was taken by petitioner, respondents shall furnish the records, or copies thereof, of the appeal proceedings.

Upon the termination of the proceedings herein, the clerk of this court will return to the clerk of the proper state court all such state court records and transcripts.

4. That petitioner is granted ten (10) days after receipt by him of a copy of respondents' answer and return to file a traverse thereto, admitting or denying, under oath, all factual allegations therein contained.

5. That the clerk of this court shall then return this file

to the undersigned judge for such other and further proceedings as may be appropriate; and that the clerk of this court transmit copies of this order to petitioner and to the office of the Attorney General for the State of Kansas.

**IT IS SO ORDERED.**

DATED:  This 3rd day of August 2005 at Topeka, Kansas.

    s/ Sam A. Crow
SAM A. CROW
U.S. Senior District Judge