IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

ANTONIO FONESCA-ORTEGA,

    Petitioner,

vs.                                            Case No.05-3246 -JTM

SAM CLINE et al.,

    Respondents.

## MEMORANDUM AND ORDER

This matter comes before the court on the petitioner's application for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. After reviewing the parties' arguments, the court dismisses the petitioner's appeal and denies the issuance of a writ of habeas corpus.

**I. BACKGROUND**

In the early morning hours of October 28, 2002, in Ottawa County, Kansas, petitioner was involved in a fatal auto accident. At the time, petitioner was driving a van that struck a moving train. As a result of the accident, one of the passengers in the van was killed and the other seriously injured. The accident occurred after petitioner and the two passengers had been drinking alcohol for several hours. Petitioner's blood-alcohol content measured shortly after the accident was 0.116.

At trial, petitioner's theory of defense was that the state could not establish who was actually driving the van. However, at trial, the surviving passenger, Jim Mills, testified that

when they left a drinking establishment prior to the accident, he was seated in the passenger seat and the other passenger, Dee Ann Norlander, was seated on his lap while petitioner was in the driver's seat. Mills fell asleep in the passenger seat and woke to a loud scream followed by the impact of the accident. At the time he awoke, Norlander was still seated on his lap and petitioner was behind the steering wheel. The point of impact on the van was the front corner on the passenger's side. Testimony from first-responders at the scene of the accident indicated that petitioner was found walking outside the van, while both Mills and Norlander were found in the van on the passenger side with their legs trapped underneath the dashboard.

## II. PROCEDURAL HISTORY

On May 21, 2003, a jury in the District Court of Ottawa County, Kansas, convicted petitioner of one count of involuntary manslaughter while driving under the influence of alcohol, in violation of Kan. Stat. Ann. § 21-3442; one count of aggravated battery, in violation of Kan. Stat. Ann. § 21-3414(a)(2)(B); one count of reckless driving, in violation of Kan. Stat. Ann. § 8-1566(a); and one count of transporting an open container of alcohol, in violation of Kan. Stat. Ann. § 8-1599. On July 14, 2003, the Ottawa County District Court sentenced petitioner to a controlling term of seventy-five months imprisonment.

Petitioner appealed to the Kansas Court of Appeals. On appeal, petitioner raised the following issues: 1) whether petitioner's conviction of involuntary manslaughter based upon the commission of a DUI and his conviction for reckless driving were multiplicitous; 2) whether petitioner's conviction for reckless driving was multiplicitous with his conviction for aggravated battery; 3) whether the trial court erred when it failed to instruct the jury on the lesser included offense of driving under the influence; 4) whether the prosecutor committed misconduct during

closing arguments; and 5) whether there was insufficient evidence to support petitioner's convictions for involuntary manslaughter, aggravated battery, and reckless driving.

On October 8, 2004, the Kansas Court Appeals reversed petitioner's conviction for reckless driving as multiplicitous, but affirmed his remaining convictions and sentences. State v. Fonseca-Ortega, No. 91,494 (Kan.Ct.App. October 8, 2004) (Unpublished Opinion). On March 1, 2005, the Kansas Supreme Court denied review.

On May 13, 2005, petitioner filed for federal habeas corpus relief pursuant to 28 U.S.C. § 2254 in the United States District Court for the District of Kansas (petitioner amended his petition on July 8, 2005).

### III. STANDARD OF REVIEW

For petitions filed after April 24, 1996, the court applies the federal habeas statute as amended by the Antiterrorism and Effective Death Penalty Act of 1996 (hereafter "AEDPA"). See Martinez v. Zavaras, 330 F.3d 1259, 1262 (10th Cir. 2003). The Act places new constraints on federal review of petitions for writ of habeas corpus. Williams v. Taylor, 529 U.S. 362, 412, 120 S.Ct. 1495, 1523, 146 L.Ed.2d 389 (2000). Where a state court has adjudicated a petitioner's claims on the merits, the application for federal habeas will be granted only if the petitioner establishes one of the following: 1) the state court decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States"; or 2) that the state court decision "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(1), (2). In other words, under the "contrary to" clause, a federal court may grant a writ of habeas corpus only if the state court reached a conclusion opposite to that reached

by the Supreme Court on a question of law or decided the case differently than the Supreme Court has decided a case with a materially indistinguishable set of facts.  See Williams, 529 U.S. at 412-13.  Under the "unreasonable application" clause, a federal court may grant the writ if the state court unreasonably applied the governing legal principle to the facts of the petitioner's case. Williams, 529 U.S. at 413.  The court must determine whether the application was objectively unreasonable. Id. at 409, 120 S.Ct. at 1521.

The federal court does not stand to correct errors of state law and is bound by a state court's interpretation of its own law.  Estelle v. McGuire, 502 U.S. 62, 67-68, 112 S.Ct. 475, 116 L.Ed.2d 385 (1991).  The court presumes the state court made the correct factual determinations, and petitioner bears the burden of rebutting this presumption with clear and convincing evidence. 28 U.S.C. § 2254(e)(1); Fields v. Gibson, 277 F.3d 1203, 1221 (10th Cir. 2002); Martinez, 330 F.3d at 1262.  This presumption does not extend to legal determinations or to mixed questions of law and fact.  Herrera v. Lemaster, 225 F.3d 1176, 1178-79 (10th Cir. 2000). If the state court employed the wrong legal standard in deciding the merits of the federal issue, the court will not apply a deferential standard of review.  Cargle v. Mullin, 317 F.3d 1196, 1202 (10th Cir. 2003).

**IV. ANALYSIS**

**A. Jury Instructions on Lesser Included Offenses**

Petitioner argues that the trial court improperly excluded the lesser included offense of driving under the influence to the charge of involuntary manslaughter while driving under the influence.  This argument is without merit.

"The Supreme Court has never recognized a federal constitutional right to a lesser included offense instruction in non-capital cases." Dockins v. Hines, 374 F.3d 935, 938 (10th

Cir. 2004). See Beck v. Alabama, 447 U.S. 625, 638 n. 14, 100 S.Ct. 2382, 65 L.Ed.2d 392 (1980).  This Circuit follows the "automatic non-reviewability" rule for claims based on a state court's failure to give a lesser included offense instruction in non-capital cases.  Dockins, 374 F.3d at 938; Chavez v. Kerby, 848 F.2d 1101, 1103 (10th Cir. 1988).  Thus, petitioner's argument fails.

**B. Alleged Prosecutorial Misconduct**

Petitioner claims the prosecutor made two statements in his closing arguments that violate his right to due process and a fair trial.  First, petitioner argues that the prosecutor improperly narrowed what the state had to prove. Second, petitioner argues that the prosecutor engaged in improper burden shifting. The Kansas Court of Appeals rejected this argument and so does this court.

Since federal review is limited to the narrow issue of due process, the court looks to the fairness of the trial rather than the culpability of the prosecutor.  Byrd v. Collins, 209 F.3d 486, 529 (6th Cir. 2000) (citing Darden v. Wainwright, 477 U.S. 168, 181, 106 S.Ct. 2464, 91 L.Ed.2d 144 (1986)).  See also Jones v. Gibson, 206 F.3d 946, 958-959 (10th Cir. 2000); Smith v. Phillips, 455 U.S. 209, 219, 102 S.Ct. 940, 71 L.Ed.2d 78 (1982).  Even if the court condemns the prosecutor's statements, a due process violation will not arise unless the petitioner shows conduct so glaring as to deem the entire proceeding unfair.  See Darden, 477 U.S. at 181. Relief will be granted where the misconduct " 'so infected the trial with unfairness as to make the resulting conviction a denial of due process.' " Darden v. Wainwright, 477 U.S. at 81 (quoting Donnelly v. DeChristoforo, 416 U.S. 637, 643, 94 S.Ct. 1868, 40 L.Ed.2d 431 (1974)). For post-AEDPA writs, the federal court must give heightened deference to the state's determination of petitioner's claims of misconduct.  See Macias v. Makowski, 291 F.3d 447, 453-54 (6th Cir.

5

2002).  The court focuses its attention not on whether the state court reached the right outcome but rather whether the state court unreasonably applied established federal law.  Id.

Applied here, the court finds that the prosecutor's comments did not violate petitioner's right to due process and a fair trial.  In the closing statement, the prosecutor stated the following:

> Now the state has the burden of proof in this matter, and we don't shirk from that burden. What we believe [is] that we have met that burden here today and from the testimony yesterday. What do we need to do? We need basically, most importantly to prove to you that the defendant was driving the vehicle.

This statement emphasized that the most important factor was that petitioner was driving the vehicle.  The prosecutor did not state that this was the only thing the state had to prove. Under these circumstances, the court finds this comment was appropriate.

Next, petitioner argues that the prosecutor's comments as to the number of passengers in the vehicle were also inappropriate.  The prosecutor made these comments to refute petitioner's theory of the case and to point out that no evidence had been presented to refute the state's evidence.  The prosecution is allowed to make reasonable comments on the problems in the petitioner's case and the strengths of the state's case, particularly as it relates to evidence presented.  The Kansas Court of Appeals determination was proper in light of the context of events. The court denies habeas relief on grounds of prosecutorial misconduct.

**C. Sufficiency of the Evidence**

Petitioner next argues that based on the weather conditions at the time of the accident, there was insufficient evidence to conclude that he was driving the vehicle or that he was reckless.  Again, this court is in agreement with the Kansas Court of Appeals.

It is well settled that a petitioner may challenge the sufficiency of the evidence in federal habeas corpus proceedings.  Spears v. Mullin, 343 F.3d 1215, 1237-38 (10th Cir. 2003).

Viewing the evidence in the light most favorable to the state, the court will grant habeas relief only if "no rational trier of fact could have found proof of guilt beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). The sufficiency of the evidence is a question of law. Spears, 343 F.3d at 1238.

The record includes several facts supporting a finding of recklessness. First, there is sufficient evidence to undercut petitioner's arguments as to visibility. The record indicates that there was light mist that day but visibility was good. There was a streetlight at the intersection of the road and train. There is evidence that the van involved in the accident left skid marks on the pavement eighty-six feet long, indicating the pavement was dry. These facts provide support for a finding that visibility was not a problem.

Second, reports as to petitioner's and the passengers' location after the accident also support the jury's findings. The record indicates that after the accident petitioner was outside the vehicle and the other two passengers were on the passenger side of the van with their legs trapped under the dashboard. One of the passengers testified that he remembered petitioner was behind the wheel. The witness' testimony and the events surrounding the accident support a finding that petitioner was the driver.

Finally, there was sufficient evidence that petitioner had been drinking alcohol prior to the accident. Those at the accident scene recalled smelling alcohol on petitioner's breath. The record indicates that his blood-alcohol content was .116 two hours after the accident. Kansas law provides that a blood-alcohol content of .08 constitutes driving under the influence. Kan. Stat. Ann. § 8-1567(a)(2). This evidence was sufficient to find petitioner was intoxicated, providing support for a finding of recklessness.

Based on this evidence, the court finds that the Kansas Court of Appeals could reasonably find that petitioner was reckless. Petitioner has failed to establish that the state court decision was either contrary to, or involved an unreasonable application of, clearly established federal law. The court does not find the state court's determinations to be unreasonable.

IT IS ACCORDINGLY ORDERED this 10th day of May 2006, that the court denies the petition for writ of habeas corpus and dismisses this action.

s/ J. Thomas Marten
J. THOMAS MARTEN, JUDGE
